IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN P. TIDWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0090 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| KENNY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOHN P TIDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11-0011 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| KENNY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss for Insufficiency of Service of Process filed by Defendants Gary Mills, Jeff Dunn, Rob Franks (all in their individual capacities), Bud Smith, in his individual and official capacities, and Kenny Taylor in his official capacity. Docket No. 55. Defendants have submitted a supporting Memorandum of Law. Docket No. 56. Plaintiffs have filed a Response in Opposition to the Motion (Docket No. 57), and, with leave of Court (Docket Nos. 65, 72), Defendants have filed a Reply (Docket No. 81).

Plaintiffs initially filed Case No. 1:10-0090 against Kenny Taylor, the Sheriff of

Lawrence County, Tennessee, "Buzz" (or Bud) Smith, Lawrence County, Tennessee, the City of Lawrenceburg, Tennessee, and several unknown officers or deputy sheriffs of the Lawrence County Sheriff's Office. According to the Complaint in that case, Defendants Taylor and Smith were sued in their official capacities and in their individual capacities. The lawsuit was brought pursuant to 42 U.S.C. § 1983. Docket No. 1. Plaintiffs essentially averred that some or all of the individual Defendants had unlawfully entered their home and injured them in the process of doing so. Plaintiffs averred that the individual Defendants had mistakenly entered their portion of a duplex, when the search warrant they were executing was actually for the other half of the duplex.

Plaintiffs apparently learned the identities of the unknown police officers and subsequently filed a separate suit against them, being Case No. 1:11-0011. These three Defendants were sued in their official capacities and in their individual capacities. Docket No. 1. The two cases were subsequently consolidated.

Defendants Taylor and Smith have previously filed a Motion to Dismiss based upon an argument of insufficiency of service of process. Docket No. 25. The undersigned subsequently entered an Order denying that Motion to Dismiss.[1] Docket No. 77.

Thus, the Court has already decided that service was proper as to Defendants Smith and Taylor. The instant Report and Recommendation, therefore, will focus on Defendants Mills, Dunn, and Franks.

In the instant Motion, Defendants argue that they were properly served only in their

---

[1] The instant Motion to Dismiss was filed prior to the entry of the undersigned's previous Order with regard to Defendants Taylor and Smith.

official capacities. Docket No. 56, p. 4. Process was served upon them in their official capacities by service upon the County Executive of Lawrence County. Plaintiffs admit that such service was proper as to them in their official capacities, but argue that it was ineffective as to them in their individual capacities.

Defendants filed an Answer in Case No. 1:11-0011. Docket No. 15. That Answer does not raise the defense of insufficiency of service. The Answer, however, purports to have been filed by these Defendants in their official capacities. Docket No. 15, p. 1.

The Court also notes that Plaintiffs' Complaint contains the allegation, "All Defendants have been properly served in this case." Docket No. 1, p. 3. In their Response to that allegation, Defendants answered, "The allegations contained within paragraph 7 contain questions of law, not fact, and require no response from the defendants."

Additionally, Defendants have filed several documents in this action, including a Motion for Summary Judgment and supporting Memorandum, which do not reserve the defense of insufficiency of service. *See, e.g.,* Docket Nos. 89, 94, 94-2. There is no question that a party can waive the defense of insufficient service. Fed. R. Civ. P. 12(b)(5), (h).

As the undersigned said in the previous Order, the Sixth Circuit has stated:

> It should also be noted that Rule 4 is a flexible Rule which principally requires sufficient notice to the party of claims brought against it, and dismissal is not appropriate unless the party has been prejudiced.

*Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987) *citing United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1983) (*citing authorities*).

Defendants have made no argument that they were somehow prejudiced by any alleged insufficient service. Moreover, Defendants have admitted that they were properly served in their

3

official capacities. Therefore, they were (or at least should have been) aware when they read the Complaint that they were being sued both in their individual and official capacities. Thus, Defendants had notice.

For the foregoing reasons, the instant Motion (Docket No. 55) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

4