IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOHN A. TIDWELL, et al.            )
                                   )
v.                                 ) NO. 1-10-0090
                                   ) JUDGE CAMPBELL
KENNY TAYLOR, et al.               )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 94). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

This action was filed by John A. Tidwell and his son John P. Tidwell, citizens of Lawrence County, Tennessee. Since the filing of their Complaint, John A. Tidwell has passed away. Docket No. 35. Defendants are Lawrence County Sheriff Taylor, Deputies Smith, Dunn, Franks and Mills, and Lawrence County.

Plaintiff's claims arise from an incident on or about February 18, 2010, at Plaintiff's residence at 253 Buffalo Road, Lawrenceburg. Defendants had obtained a search warrant for that address as a result of surveillance, undercover work, and a suspected drug deal at that location. Plaintiff alleges that Defendants "violently" entered the Tidwell residence, handcuffed both Plaintiff and his father and ordered both of them to the floor. Plaintiff avers that he and his father were released from the handcuffs about twenty minutes later, and Defendants left the scene.

The residence at 253 Buffalo Road is a duplex, a building with two apartments, not a single family residence. The individuals whom Defendants intended to investigate actually lived on the other side of the duplex from the Plaintiff. Defendants assert that they did not learn the residence

was a duplex until they had already entered Plaintiff's apartment and handcuffed both men. Once the officers discovered their mistake, they found Plaintiff's neighbor in the other side of the duplex in possession of a bag of marijuana.

Plaintiff has brought claims against all Defendants pursuant to 28 U.S.C. § 1983 ("Section 1983"), alleging that Defendants violated Plaintiff's constitutional rights. Plaintiff also raises state law claims for assault and battery, false arrest, false imprisonment, outrageous conduct, negligence, and malicious harassment. Defendants have moved for summary judgment on all Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably

2

find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## CONSTITUTIONAL CLAIMS

To prove a Section 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). There is no dispute here that Defendants were acting under color of state law.

Plaintiff contends that the individual Defendants unlawfully searched Plaintiff's residence and unlawfully seized Plaintiff and his father in violation of the Fourth Amendment prohibition against unreasonable searches and seizures. The Fourth Amendment provides that the right of people to be secure in their persons and houses against unreasonable searches and seizures shall not be violated and no warrants shall issue but upon probable cause. U.S. Const. amend. IV.

Here, the Defendants obtained a search warrant for the property at 253 Buffalo Road based upon surveillance and investigation which included following the suspected drug dealer to that address and observing him leaving from that address to then complete a drug transaction. Probable cause exists if the facts and circumstance are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched. *Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998). In addition, when an officer has reasonable suspicion that criminal activity may be afoot, the officer may conduct a limited seizure and briefly detain a person for investigative purposes. *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968) (*cited in Dorsey v. Barber*, 517 F. 3d 389, 395 (6th Cir. 2008)).

The Court finds that the search warrant for 253 Buffalo Road was reasonably based on probable cause that criminal activity had been conducted at that address. A reasonably prudent person, under the circumstances presented here, would be warranted in believing that an offense had been committed at 253 Buffalo Road and that evidence thereof would be found on the premises.

Furthermore, the Court finds that Plaintiff has not alleged objectively unreasonable, intentional conduct sufficient to constitute a constitutional violation. Plaintiff admits, in his Response, that he "is not alleging that the Defendants acted willfully or intentionally in their illegal execution of the search warrant." Docket No. 129, p. 29. The actions of the deputy Defendants, in not realizing the property was a duplex and in seizing the wrong tenants, may have constituted negligence, but a claim of negligence cannot be the basis for a violation of Section 1983. *Dotson v. Correctional Medical Servs.*, 584 F.Supp.2d 1063, 1067 (W.D. Tenn. 2008) ("It is well established that negligence does not give rise to a constitutional violation."); *see also Dowdy v. Crawford*, 2011 WL 6099669 at * 1 (M.D. Tenn. Dec. 6, 2011).

Alternatively, Defendants Taylor,[1] Smith, Dunn, Franks and Mills are entitled to qualified immunity from Plaintiff's Section 1983 claims. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Although the defendant bears the burden of pleading this defense, the plaintiff must show that the defendant is not entitled to qualified immunity. *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011).

---

[1] Plaintiff has also failed to show that Defendant Taylor personally participated in, condoned or encouraged the alleged misconduct, which would be required for him to be liable on this constitutional claim. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989).

4

Determinations of qualified immunity require the Court to answer two questions: (1) whether the officer violated a constitutional right, and (2) whether that right was clearly established in light of the specific context of the case. *Hayden*, 640 F.3d at 153. The Court is permitted to exercise its sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, 129 S.Ct. at 818. The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. *Dorsey*, 517 F.3d at 394. The doctrine protects all but the plainly incompetent or those who knowingly violate the law. *Id*.

The Fourth Amendment right to be free from unreasonable search and seizure is clearly established, but the actions of the deputy Defendants were reasonable mistakes and not intentional or objectively unreasonable such as to remove their qualified immunity under these circumstances. Thus, alternatively, the deputy Defendants are entitled to qualified immunity from Plaintiff's claims.

Plaintiff has sued the individual Defendants in both their individual and official capacities. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Individuals sued in their official capacities stand in the shoes of the entity they represent. *Everson v. Leis*, 556 F.3d 484, 493, n. 2 (6th Cir. 2009). Therefore, Plaintiff's claims against the individual Defendants in their official capacities will be treated as claims against the Defendant Lawrence County and those claims are dismissed.

In addition, Plaintiff's claims for municipal liability against Defendant Lawrence County should be dismissed. To establish municipal liability under Section 1983, a plaintiff must establish that the plaintiff's harm was caused by a constitutional violation and that a policy of custom of the

5

municipality was the "moving force" behind the deprivation of the plaintiff's rights. *Miller v. Sanilac County,* 606 F.3d 240, 255 (6th Cir. 2010); *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009).

Because the Court has found no constitutional violation, Plaintiff's Section 1983 constitutional claims against all Defendants are dismissed.

STATE LAW CLAIMS

Having dismissed Plaintiff's federal law claims, the Court declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims are DISMISSED without prejudice.

IT IS SO ORDERED.

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE